UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

PAULETTE A. CLARKE,

                Plaintiff,

        -against-

NEW YORK CITY POLICE DEPARTMENT;
JOHN DOE #1, New York City undercover police
officer; SEXUAL HARASSER ASSAILANT also
known as ANTHONY WILBURN; JOHN DOE #2,
New York City uniformed police officer escort to
Woodhull Hospital; JOHN DOE #3, New York City
uniformed police officer escort to Woodhull Hospital;
Woodhull Hospital,

                Defendants.
----------------------------------------------------------------x

**MEMORANDUM AND ORDER**
08-CV-2008 (ENV)

VITALIANO, United States District Judge:

      Plaintiff, appearing *pro se*, paid the fee and filed this action on May 16, 2008. For the reasons set forth below, the action is dismissed,[1] but with leave to file an amended complaint within thirty (30) days of the date of this Memorandum and Order.

## BACKGROUND

      Plaintiff's 33 page complaint presents patently fantastic and delusional scenarios involving plaintiff and defendant police officer Anthony Wilburn ("Wilburn"). Specifically, plaintiff alleges that Wilburn "place[d] two canine hearing devices in [her] ear canal." Complaint at 10, ¶ 18. Although it is unclear, plaintiff seems to allege that Wilburn implanted the hearing devices because she refused to comply with his "sexual desires." Complaint at 15, ¶

---

[1] Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 362 (2d Cir. 2000) (the district court may *sua sponte* dismiss a frivolous complaint even if the plaintiff has paid the filing fee).

1

30. Plaintiff further alleges that when she went to lunch with co-workers, Wilburn "would not be far away looking on and would display unusual items to obtain attention." Complaint at 12, ¶ 25. These items included a "yoyo toy" which Wilburn "menacingly motioned with" and a stethoscope which Wilburn displayed "in [a] taunting manner." Id. Moreover, plaintiff alleges that in January 2006, she was falsely arrested, handcuffed and taken from her home to Woodhull Hospital, where she was treated and then released the next day. Complaint at 16, ¶¶ 35-36. Plaintiff contends further that she was taken to Woodhull Hospital because Wilburn was looking for an "organ-donor." Complaint at 20, ¶ 44.

## DISCUSSION

Since plaintiff is proceeding *pro se,* the Court reads her complaint liberally. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (stating that *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers."); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d. Cir. 2004) ("[W]hen the plaintiff proceeds *pro se,* ... a court is obliged to construe his pleadings liberally, particularly when they allege civil rights violations."). At this stage of a proceeding, the Court must weigh in favor of a plaintiff the factual allegations in the complaint. See Denton v. Hernandez, 504 U.S. 25, 32 (1992). However, the Court may dismiss a claim if the Court finds it is based on "indisputably meritless legal theory." Id.

Plaintiff's pleadings are, for the most part, irrational and incredible. Most of the allegations in the complaint – even under the very liberal reading we accord *pro se* pleadings (and indeed, even if plaintiff herself believes them) – can only be described as delusional and fantastic. See Denton, 504 U.S. at 33. Accordingly, the complaint as presently pleaded must be dismissed.

However, to the extent that plaintiff is attempting to allege a claim for false arrest and involuntary hospitalization,[2] this Court will grant plaintiff thirty (30) days to replead her complaint. A false arrest claim under Section 1983 resting on the Fourth Amendment right to be free from unreasonable seizures is substantially the same as a claim for false arrest under New York law. See Wallace v. Kato, --- U.S. ----, ----, 127 S.Ct. 1091, 1095 (2007) ("False arrest and false imprisonment overlap; the former is a species of the latter."); Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996).

In order to maintain a cause of action under § 1983 or for false arrest, plaintiff must show that (1) defendant intended to confine plaintiff, (2) plaintiff was conscious of the confinement, (3) plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged. Escalera v. Lunn, 361 F.3d 737, 743 (2d Cir. 2004); Weyant, 101 F.3d at 852. In the absence of a formal arrest, a seizure under the Fourth Amendment occurs where a "reasonable person would have believed that he was not free to leave." INS v. Delgado, 466 U.S. 210, 215 (1984) (quoting United States v. Mendenhall, 446 U.S. 544, 554 (1980)). This is also true in the context of seizures made for the purpose of involuntary hospitalization. See Anthony v. City of New York, 339 F.3d 129, 137 (2d Cir. 2003). Here, because plaintiff's pleadings are for the most part irrational and incredible, it is impossible to discern if she has a viable constitutional claim.

---

[2] New York law provides that a police officer can "take into custody any person who appears to be mentally ill and is conducting himself or herself in a manner which is likely to result in serious harm to the person or others." Kerman v. City of New York, 261 F.3d 229, 240 n.8 (2d Cir. 2001) (quoting N.Y. Mental Hyg. Law § 9.41). The Fourth Amendment's "objective reasonableness standard is applied to police discretion under this section." Id.

## **CONCLUSION**

Accordingly, the complaint as presently pleaded is dismissed as frivolous and delusional. Fitzgerald, 221 F.3d at 362. No summons shall issue at this time.

Nevertheless, in an abundance of caution and in deference to plaintiff's *pro se* status, she is granted thirty (30) days leave from the entry of this order to file an amended complaint. But, should plaintiff file an amended complaint she must detail her claim of false arrest and involuntary hospitalization including identifying as best she can the individual defendant(s) who were personally involved in the events that she claims violated her rights and state whether those detaining her for the purpose of her involuntary hospitalization were acting pursuant to a court order. Plaintiff is reminded that she must draft her amended complaint in a clear and concise manner.

The amended complaint must be captioned as an "Amended Complaint" and bear the same docket number as this order. All proceedings shall be stayed for thirty (30) days to allow plaintiff to replead. If plaintiff fails to replead within thirty (30) days of the date of this order, a judgment dismissing the action shall be entered. Although plaintiff paid the filing fee to bring this action, the Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any *in forma pauperis* appeal from this order would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
June 13, 2008

ERIC N. VITALIANO
United States District Judge

4